FILED - USDC -NH
2026 MAY 20 AM 10:10

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW HAMPSHIRE

Rikki Jude Mullane and Kevin Mullane,

Plaintiffs,

PC Deschenes, in his individual and official capacities; John/Jane Doe Correctional Officers and Staff; John/Jane Doe Medical Personnel; and Other Unknown New Hampshire Department of Corrections Personnel,

Defendants.

Civil Action No. _____

# COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(42 U.S.C. § 1983)

## INTRODUCTION

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 for violations of the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, as well as related state law claims. Plaintiffs seek relief for unlawful search and seizure, deprivation of property without due process, deliberate indifference to medical needs, abuse of authority, retaliation, and related misconduct committed under color of state law.

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

2. Venue is proper in the United States District Court for the District of New Hampshire because the events giving rise to these claims occurred within the State of New Hampshire.

## PARTIES

3. Plaintiff Rikki Jude Mullane is a resident of New Hampshire.

4. Plaintiff Kevin Mullane is an individual previously housed within the New Hampshire Department of Corrections system and/or associated halfway house placement.

5. Defendant PC Deschenes was at all relevant times employed as a Program Coordinator and acted under color of state law.

6. Defendants John/Jane Doe Correctional Officers, Medical Personnel, and Supervisory Staff were at all relevant times employees or agents of the New Hampshire Department of Corrections and acted under color of state law.

## STATEMENT OF FACTS

7. On or about May 12, 2026, Kevin Mullane was admitted to the facility and, upon intake, was required to receive standard medical screening procedures, including tuberculosis (TB) testing or screening as part of communicable disease intake protocols.

8. As of May 15, 2026, approximately three days after intake, Kevin Mullane had not received TB testing or documented screening, nor had any written explanation or medical justification been provided for the delay or omission.

9. This failure represents a deviation from standard intake medical procedures requiring timely communicable disease screening upon admission.

10. During the relevant period, correctional staff conducted searches of property belonging to Kevin Mullane without proper justification, notice, or adherence to required procedures.

11. Plaintiff further alleges that PC Deschenes, identified as a Program Coordinator rather than a sworn correctional officer, engaged in searches of property and/or investigative actions without clear authorization, proper procedural compliance, or adherence to established Department of Corrections policy governing search authority and inmate or resident property handling.

12. Upon information and belief, such actions were taken outside the scope of properly delegated authority and without appropriate documentation, supervision, or procedural safeguards required for such conduct.

13. Plaintiffs further allege that correctional staff confiscated and/or failed to return personal property belonging to Kevin Mullane.

14. Property taken and/or not returned included:

a. Nintendo Switch OLED console;

b. Approximately $800 worth of downloaded and physical Nintendo Switch games;

c. Brand new leather field journal;

d. PDP Gaming Afterglow Wave Wireless Nintendo Switch Pro Controller valued at approximately $60;

e. Nintendo Switch OLED white Joy-Cons valued at approximately $68;

f. Almost full bottle of Tylenol valued at approximately $20.99;

g. Half of a box of Super Stuffed Strawberry Pop-Tarts valued at approximately $5;

h. Hydrocolloid blister bandages, 36 count, valued at approximately $9.

15. Plaintiffs were not provided meaningful notice, adequate documentation, or an effective process regarding confiscation, inventory, return, or compensation for the above-listed property.

16. Plaintiffs further allege that correctional staff and/or affiliated personnel engaged in threats, intimidation, and abuse of authority toward Plaintiff Rikki Jude Mullane.

17. Plaintiffs further allege that correctional staff and/or facility personnel attempted to dictate where Plaintiff Rikki Jude Mullane could lawfully go in public spaces without legal basis or court order.

18. Plaintiff Rikki Jude Mullane was removed from Kevin Mullane's approved list without timely notice being provided to either Plaintiff.

19. Plaintiffs allege that they were subjected to approximately eight months of delay, obstruction, and stonewalling before being provided any explanation for said removal.

20. Plaintiffs further allege that approximately nine months passed before a written letter explaining the removal was finally provided.

21. Plaintiffs were informed that an appeal process existed, and Plaintiff Rikki Jude Mullane submitted an appeal regarding removal from the list.

22. The appeal was denied.

23. Commissioner William Hart subsequently informed Plaintiffs that on or about May 17, 2026, Plaintiff Rikki Jude Mullane would be eligible to be restored to Kevin Mullane's list upon completion of required chaperone training.

24. Plaintiff Rikki Jude Mullane completed the required chaperone training.

25. Plaintiffs allege that despite completion of said training, Plaintiff Rikki Jude Mullane was not provided the promised training certificate.

26. Plaintiffs further allege that repeated requests for the certificate were ignored, delayed, or stonewalled by staff.

27. Plaintiffs further allege that Kevin Mullane was returned to prison shortly before Plaintiff Rikki Jude Mullane was expected to be restored to the approved list.

28. Plaintiffs allege that these actions caused significant financial hardship, housing instability, emotional distress, and loss of employment and housing opportunities.

29. Plaintiffs further allege that Kevin Mullane previously provided approximately $3,150 to assist in preventing housing loss and homelessness for Plaintiff Rikki Jude Mullane and her child after earlier actions connected to Defendants' conduct disrupted housing and stability.

30. Kevin Mullane filed grievances, appeals, and related paperwork within the required timeframes.

31. Plaintiffs maintain records regarding dates, times, submissions, and identities of staff involved in receiving or handling said paperwork.

## COUNT I – FOURTH AMENDMENT VIOLATION

(Unlawful Search and Seizure)

32. Plaintiffs incorporate by reference all preceding paragraphs.

33. Defendants conducted unreasonable searches and seizures of property without proper procedural compliance, lawful justification, or adequate safeguards.

34. Said actions resulted in unlawful confiscation and deprivation of property.

## COUNT II – FOURTEENTH AMENDMENT VIOLATION

(Due Process – Deprivation of Property and Liberty Interests)

35. Plaintiffs incorporate by reference all preceding paragraphs.

36. Defendants deprived Plaintiffs of property and protected interests without adequate notice, hearing, procedural safeguards, or meaningful opportunity to challenge said deprivation.

37. Plaintiffs further allege that removal from approved visitation/contact lists occurred without timely notice and with excessive delay in providing explanations and appeal determinations.

## COUNT III – EIGHTH AMENDMENT VIOLATION

(Deliberate Indifference to Medical Needs)

38. Plaintiffs incorporate by reference all preceding paragraphs.

39. Defendants failed to provide timely TB screening or communicable disease intake procedures upon Kevin Mullane's arrival at the facility.

40. Such failure constituted deliberate indifference to serious medical and health-related concerns.

## COUNT IV – RETALIATION / ABUSE OF AUTHORITY

(First and Fourteenth Amendments)

41. Plaintiffs incorporate by reference all preceding paragraphs.

42. Defendants engaged in intimidation, abuse of authority, obstruction, and retaliatory conduct toward Plaintiffs.

43. Defendants attempted to improperly restrict lawful activity and engaged in prolonged delay and obstruction regarding approved list procedures and related documentation.

## COUNT V – STATE LAW CLAIMS

(Negligence, Conversion, and Related Claims)

44. Plaintiffs incorporate by reference all preceding paragraphs.

45. Defendants negligently and/or intentionally failed to safeguard property and comply with required procedures.

46. Defendants exercised wrongful control over Plaintiffs' property inconsistent with Plaintiffs' ownership rights.

## DAMAGES

47. Plaintiffs suffered financial loss, emotional distress, housing instability, loss of opportunities, and deprivation of constitutional rights.

48. Plaintiffs seek compensatory damages in an amount to be determined at trial but believed to exceed $25,000, exclusive of costs and interest.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Award compensatory damages for property loss, housing instability, financial hardship, and emotional distress in an amount to be determined at trial;

B. Award punitive damages against Defendants for reckless and/or willful disregard of constitutional rights;

C. Enter declaratory judgment that Defendants violated Plaintiffs' constitutional rights;

D. Grant injunctive relief requiring compliance with constitutional standards and applicable correctional procedures;

E. Award costs of litigation and any attorney's fees permitted under applicable law, including 42 U.S.C. § 1988;

F. Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable.

Respectfully submitted,

_____

Rikki Jude Mullane Plaintiff, Pro Se Phone: (603) 513-9946 Email: rjmkdmj2024@gmail.com

*RJ Mullane    5-18-2026*

Kevin Mullane Plaintiff, Pro Se    *Kevin David Mullane JR*

Date: *5-20-2026*

## EXHIBITS

Exhibit A – Property Loss Schedule

Exhibit B – Timeline of Events

Exhibit C – Grievances, Appeals, and Related Documentation

Exhibit D – Communications and Correspondence

Exhibit E – Medical Intake/TB Screening Documentation