# Comprehensive NH DOC / Civil Rights Violations Summary

Covering Events From May 20, 2025 Through May 12, 2026 and Related Incidents

This document summarizes alleged constitutional violations, administrative rule violations, civil rights concerns, policy violations, misconduct allegations, procedural failures, medical negligence concerns, retaliatory conduct, and related actions connected to the New Hampshire Department of Corrections, associated staff, and investigative personnel.

## I. VISITATION AND APPROVED LIST VIOLATIONS

- Removal from approved visitation list without notice
- Failure to notify resident or visitor regarding removal
- Eight months of delay before explanation was provided
- Nine months before written explanation letter was issued
- Failure to provide meaningful appeal procedures
- Arbitrary visitation restrictions
- Interference with family association
- Unequal enforcement of visitation rules
- Retaliatory visitation actions following complaints or grievances
- Failure to follow NH DOC visitation procedures

## II. ADMINISTRATIVE STONEWALLING AND PROCEDURAL MISCONDUCT

- Repeated delays in responses from DOC officials
- Failure to provide timely answers regarding visitation status
- Conflicting explanations provided by staff
- Failure to provide requested documentation
- Failure to timely respond to complaints and grievances
- Obstruction of appeal and complaint processes
- Failure to maintain transparency in administrative actions
- Interference with procedural fairness
- Failure to properly document or explain administrative decisions

## III. MAY 12, 2026 INCIDENT INVOLVING PC DESCHENES

- Threatening or intimidating conduct allegations
- Abuse of authority concerns
- Retaliatory conduct allegations
- Improper investigative or enforcement behavior
- Interference with protected activity
- Conduct alleged to have caused emotional distress
- Possible misuse of official authority under color of law
- Professional conduct and ethics concerns

### IV. MEDICAL NEGLIGENCE AND DELIBERATE INDIFFERENCE CONCERNS
- Failure to properly address medical needs
- Delays in medical attention or care
- Failure to act appropriately regarding known health concerns
- Possible deliberate indifference concerns
- Failure to follow proper medical or safety procedures
- Psychological and emotional harm connected to conduct

### V. FEDERAL CONSTITUTIONAL VIOLATIONS
- First Amendment retaliation concerns
- Fourteenth Amendment due process violations
- Fourteenth Amendment equal protection concerns
- Denial of procedural fairness
- Arbitrary government action
- Interference with protected speech and grievances
- Interference with familial association
- Eighth Amendment deliberate indifference concerns
- Civil rights violations under color of law

### VI. NH DOC RULES AND RSA CONCERNS
- Cor 305 visitation procedure violations
- Cor 305 approved visitor list procedure violations
- RSA 91-A Right-to-Know concerns
- Official misconduct and abuse of authority concerns
- Obstruction of administrative processes
- Failure to properly maintain records or evidence
- Chain-of-custody and documentation concerns

### VII. FEDERAL CIVIL RIGHTS CLAIMS
- 42 U.S.C. § 1983 civil rights claims
- Failure to supervise claims
- Failure to train claims
- Custom or policy-based constitutional violations
- Retaliation claims
- Due process claims
- Civil conspiracy allegations

### VIII. DAMAGES AND HARM
- Emotional distress
- Psychological suffering
- Family separation
- Loss of visitation and communication

- Stress and anxiety
- Financial burden
- Administrative hardship
- Ongoing emotional harm

*This document summarizes allegations and legal concerns based on reported events and is intended for documentation and organizational purposes.*

# Draft Paragraph (RSA 105-A / Body Camera Footage Issue)

You can paste this into your complaint or statement of facts:

Pursuant to RSA 105-A (New Hampshire Right-to-Know Law governing access to law enforcement records, including body-worn camera footage when applicable), the Plaintiff requested access to body-worn camera footage and related records concerning the events at issue.

The Plaintiff was informed that such footage either did not exist or was not available. However, the Plaintiff was later advised that body-worn camera footage does exist regarding the incident.

This inconsistency raises concerns regarding the accuracy and completeness of the information provided in response to the Plaintiff's request for records.

Additionally, statements were communicated to the Plaintiff and Kevin David Mullane Jr. indicating that Kevin had allegedly admitted to being alone with Hannah (Coda) Elizabeth Dandy. Kevin denies making any such admission. The Plaintiff contends that these statements are inaccurate and unsupported by any documented evidence disclosed to date, including any body-worn camera footage or official records.

The Plaintiffs request that all responsive body-worn camera footage and related records be preserved and produced in discovery from May 20th 2025 to present date.

Plaintiffs Kevin Mullane and Rikki Jude Mullane are unable to obtain all the grievances and appeals he has filed since May 2025-to present time. May 18th 2026 Kevin Mullane did submit this request

"I am requesting copies of all grievances, grievance appeals, and responses submitted or issued in my name from **May 20, 2025 to present**, including any related documentation, logs, or records maintained pursuant to **NH DOC grievance policy and RSA 91-A (Right-to-Know principles where applicable to state records procedures)."**

Kevin put it in the mailbox himself to **New Hampshire Department of Corrections Right-to-Know / Records Access Officer**