FILED - USDC -NH
2025 MAY 20 AM 10:10



# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

## STATEMENT OF FACTS – DEFENDANT CONDUCT TIMELINE

*Case Start Date: May 20, 2025*

This document is submitted in support of a civil rights action under 42 U.S.C. § 1983. It summarizes reported conduct by named defendants beginning May 20, 2025.

## 1. Commissioner William Ryan Hart Jr.

*From May 20, 2025 onward:*

• Did not respond to repeated reports of staff misconduct

• Did not take corrective or disciplinary action after notification of concerns

• Did not intervene regarding reported inappropriate conduct involving a minor child

• Did not provide resolution following multiple administrative complaints

## 2. Warden Michelle T. Edmark

*From May 20, 2025 onward:*

• Did not respond to repeated communications regarding staff conduct

• Did not take corrective action regarding reported misconduct

• Failed to provide administrative response to ongoing complaints

## 3. Timothy Deschenes (Program Coordinator)

*From May 20, 2025 onward:*

• Engaged in conduct beyond standard program coordinator authority

• Participated in communications perceived as coercive or improper

• Remained involved in disputed administrative decisions affecting Kevin Mullane

## 4. Captain Andrew N. Newcomb

*From May 20, 2025 onward:*

• Made inappropriate sexualized comment concerning Plaintiff's minor child during communications involving Kevin Mullane

• Engaged in harassment toward Kevin Mullane

• Participated in administrative obstruction and failure to address complaints

## 5. Nicholas Duffy

*From May 20, 2025 onward:*

• Failed to properly apply rehabilitative service regulations

• Did not intervene in reported misconduct within supervisory scope

• Participated in administrative decisions without meaningful review

## 6. Kyle P. Craver

*From May 20, 2025 onward:*

• Failed to provide substantive responses to inquiries

• Withheld or did not provide requested administrative information

• Contributed to lack of transparency in communications

## 7. Robby J. Lemieux

*From May 20, 2025 onward:*

• Engaged in conduct inconsistent with DOC policy requirements

• Participated in enforcement actions contributing to restrictions

• Failed to report or correct observed misconduct

## 8. Jane M. Graham

*From May 20, 2025 onward:*

• Did not respond to repeated administrative inquiries

• Failed to resolve reported issues through proper channels

• Contributed to communication breakdown

## 9. Laurie M. Foster

*From May 20, 2025 onward:*

• Participated in rehabilitative service decisions without correcting reported issues

• Failed to address ongoing complaints

• Supported continued administrative actions without resolution

## 10. Lindsay Jordan (Former DOC Employee)

*From May 20, 2025 onward:*

• Authored or submitted a report concerning Kevin Mullane

• That report was later used in administrative decisions affecting Plaintiffs

## 11. Meaghan Boynton (DCYF)

*From May 20, 2025 onward:*

• Submitted or relied upon reports affecting family determinations

• Did not resolve concerns regarding disputed information

• Participated in case-related determinations impacting Plaintiffs

## 12. Elizabeth Murray (Boscawen Police Department)

*From May 20, 2025 onward:*

• Participated in reporting contributing to administrative consequences

• Made statements during official recording reflecting personal commentary toward Plaintiff

• Did not act upon certain reported concerns raised by Plaintiffs

## CROSS-CUTTING PATTERN

*Across all defendants from May 20, 2025 onward:*

• Repeated failure to respond to complaints

• Failure to investigate or correct reported misconduct

• Reliance on disputed reports

• Breakdown in grievance and review processes

• Continued enforcement of restrictions despite notice of concerns

**Respectfully submitted,**

RJMullane  Kevin David Mullane JR

Plaintiff Signature

Date: 5-18-2026